CASE NO. 23-1084
# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

HOLLIS ANN WHITSON, individually, as guardian ad litem for Peatina Biggs,

    Plaintiff-Appellant,

v.

THOMAS HANNA, et al.

    Defendants-Appellees.

---

On Appeal from the United States District Court for the District of Colorado
The Honorable Daniel D. Domenico
District Court No. Civil Action No. 18-cv-2076-DDD-SKC

---

## APPELLEES' ANSWER BRIEF

---

Respectfully submitted,
Eric M. Ziporin
Jonathan N. Eddy
**SGR, LLC**
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: (303) 320-0509
Email: eziporin@sgrllc.com
Email: jeddy@sgrllc.com
*Attorneys for the Entity Defendants*

September 6, 2023

Oral Argument is Requested

# **TABLE OF CONTENTS**

Page

STATEMENT OF PRIOR OR RELATED APPEALS..............................................1

STATEMENT OF THE ISSUES.................................................................1

STATEMENT OF THE CASE....................................................................1

SUMMARY OF THE ARGUMENT .............................................................2

ARGUMENT ..........................................................................................3

    A.    THE DISTRICT COURT CORRECTLY FOUND NO PLAUSIBLE BASIS FOR MUNICIPAL LIABILITY ........................3

    B.    THE ENTITY DEFENDANTS ARE NOT BOUND BY THE ADVERSE RULING AGAINST DEFENDANT HANNA ...............10

    C.    THE SEDGWICK COUNTY BOARD OF COMMISSIONERS IS NOT A PROPER DEFENDANT ....................................................12

CONCLUSION .......................................................................................14

STATEMENT REGARDING ORAL ARGUMENT ...........................................14

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPE FACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS.........16

CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS ........................................................................................17

CERTIFICATE OF SERVICE ...................................................................18

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Barrientos-Sanabria v. Lake Cty., Colo.*
2012 WL 1642285, at *2 (D. Colo. May 10, 2012) ......................................13

*Bennett v. Pippin*
74 F.3d 578 (5th Cir. 1996) ..............................................................................7

*City of St. Louis v. Praprotnik*
485 U.S. 112 (1988).....................................................................................4, 6

*Cox v. Glanz*
800 F.3d 1231 (10th Cir. 2015) ......................................................................14

*Dahl v. Rice Cnty., Minn.*
621 F.3d 740 (8th Cir. 2010) ............................................................................8

*Denver Homeless Out Loud v. Denver, Colorado*
32 F.4th 1259 (10th Cir. 2022) ................................................................. 11-12

*Estate of Blodgett v. Correct Care Sols., LLC*
2018 WL 6528109, at *8 (D. Colo. Dec. 12, 2018) ......................................13

*Frey v. Town of Jackson, Wyoming*
41 F.4th 1223 (10th Cir. 2022) ................................................................... 5-6

*Garcia v. Salt Lake Cnty.*
768 F.2d 303 (10th Cir. 1985) ........................................................................11

*Hafer v. Melo*
502 U.S. 21 (1991).........................................................................................12

*Hinton v. Franck*
242 F.3d 388 (10th Cir. 2000) ........................................................................11

iii

*In re Syngenta AG MIR 162 Corn Litig.*
    61 F.4th 1126 (10th Cir. 2023) ...................................................................10

*Langley v. Adams Cnty., Colo.*
    987 F.2d 1473 (10th Cir. 1993) ...................................................................12

*Lankford v. City of Hobart*
    73 F.3d 283 (10th Cir. 1996) ..........................................................................8

*McIlravy v. Kerr-McGee Coal Corp.*
    204 F.3d 1031 (10th Cir. 2000) ...................................................................11

*McKay v. Hammock*
    730 F.2d 1367 (10th Cir. 1984) .....................................................................7

*McMillian v . Monroe County, Alabama*
    520 U.S. 781 (1997)......................................................................................13

*Pembaur v. City of Cincinnati*
    475 U.S. 469 (1986).........................................................................3, 4, 8, 9

*Randle v. City of Aurora*
    69 F.3d 441 (10th Cir. 1995) ..........................................................................4

*Roe v. City of Waterbury*
    542 F.3d 2d Cir. 2008)..............................................................................5, 8

*Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*
    779 F.3d 1141 (10th Cir. 2015) .....................................................................6

*Simmons v. Uintah Health Car Special Dist.*
    506 F.3d 1281 (10th Cir. 2007) ................................................................6, 7

*Starrett v. Wadley*
    876 F.2d 808 (10th Cir. 1989) .......................................................................8

*Tunget v. Bd. Of Cty. Comm'rs of Delta Cty.*
    992 P.2d 650 (Colo.App. 1999)...................................................................13

*Wooten v. Logan*
   92 F. App'x 143 (6th Cir. 2004) .......................................................................7

**Other Authorities**

Colo. Const. art XIV §§ 8 and 8.5 ............................................................................14

Fed.R.Civ.P. 12(b)(6) ...........................................................................................1, 12

42 U.S.C. § 1983 .....................................................................................................1, 3

## STATEMENT OF PRIOR OR RELATED APPEALS

None.

## STATEMENT OF THE ISSUES

1.      Was the District Court correct in concluding Plaintiff failed to state a claim for municipal liability?

2.      Are the Sedgwick County Board of Commissioners and Sedgwick County Sheriff's Office bound by the jury's finding against Defendant Hanna?

3.      Was the District Court correct in concluding the Sedgwick County Board of Commissioners was not a proper defendant?

## STATEMENT OF THE CASE

This case arises out of former Sheriff Thomas Hanna's sex assault on pretrial detainee, Peatinna Biggs, during a jail transport, for which Defendant Hanna was criminally charged and removed from office. Following the incident, Ms. Biggs, through her appointed representative, filed suit against the Sedgwick County Board of Commissioners and the Sedgwick County Sheriff's Office (collectively, the "Entity Defendants") pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights. [Joint Appendix, pp. 21–46]. The Entity Defendants moved to dismiss all claims against them, pursuant to Fed.R.Civ.P. 12(b)(6), arguing why Plaintiff failed to provide plausible allegations of municipal

1

liability, whether under a "final policymaker" theory or otherwise. [Joint Appendix, pp. 47–61, 93–107]. On April 17, 2020, the District Court granted the Entity Defendants' motions, dismissing the municipal liability claims with prejudice. [Joint Appendix, pp. 140–159]. Following a jury trial on the remaining claims as to Defendant Hanna (for which he was found liable), as well as various post-trial motions for reconsideration, the District Court affirmed dismissal of the municipal liability claims and entered the Amended Final Judgment as to all claims on March 6, 2023. [Joint Appendix, pp. 236–238].

Plaintiff now asks this Court to reverse the dismissal of the Entity Defendants. As demonstrated below, Plaintiff failed to state a claim for municipal liability under these circumstances and the Amended Final Judgment should be affirmed.

## <u>SUMMARY OF THE ARGUMENT</u>

Plaintiff failed to allege (and cannot prove) a plausible claim for municipal liability under the facts of this case as she cannot show how a single act of sexual abuse perpetrated by a former sheriff in his personal residence for purely personal reasons constituted an "official policy" of the Sedgwick County Sheriff's Office. Nor can she show Defendant Hanna had "final policymaking authority" with respect to such conduct. As well, the Entity Defendants should not be bound by the

jury's determinations as to Defendant Hanna given the manifest injustice that would result from such finding. Finally, because the Sedgwick County Board of Commissioners is distinct from the Sedgwick County Sheriff's Office under Colorado law, the Board is not a proper party to this litigation.

## **ARGUMENT**

### A. THE DISTRICT COURT CORRECTLY FOUND NO PLAUSIBLE BASIS FOR MUNICIPAL LIABILITY.

The thrust of Plaintiff's argument is this: Because Defendant Hanna, as Sheriff, was the final policymaker with respect to the care of inmates in his custody, his decision to sexually assault Ms. Biggs in his home during a jail transport (violating her constitutional rights) can be properly attributed to the Entity Defendants for purposes of municipal liability under 42 U.S.C. § 1983. This is not the law.

As the Supreme Court made clear decades ago, to extend municipal liability based on a singular decision of a final policymaker, the result of that decision must have amounted to just that: a policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 n.9 (1986) (analyzing final policymaker liability while deferring to the various commonly held definitions of the term "policy"). In *Pembaur*, the Supreme Court further reiterated that Section 1983 "could not be interpreted to incorporate doctrines of vicarious liability." *Id.* at 479. It then went on to state that when a

decision to adopt a particular course of action "is *properly made* by that government's *authorized* decisionmakers" it can represent an act of "official government 'policy' *as that term is commonly understood*." *Id.* at 481 (emphasis added). *Pembaur* further reasoned that "[t]he fact [] a particular official—even a policymaking official—has discretion in the exercise of particular [acts] does not, without more, give rise to municipal liability based on an exercise of that discretion." *Id.* at 481–82.

Plaintiff argues Defendant Hanna acted "within the realm of his authority" when he sexually assaulted Ms. Biggs. [Opening Brief, p. 10]. Yet Plaintiff did not allege or in any way describe how Defendant Hanna's purely discretionary act could have been "properly made," or how he would have (or even could have) been "authorized" through his policymaking authority to commit such acts. Nor is it plausible such conduct amounted to an "official policy" as is required to extend municipal liability under the operative theory. *See Randle v. City of Aurora*, 69 F.3d 441, 447–48 (10th Cir. 1995) (recognizing that "the challenged conduct must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area.") (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988)).

Neither the Complaint nor the Opening Brief articulate how Defendant Hanna's decision to commit sexual assault amounted to an official policy of the Entity Defendants, nor did the evidence presented at trial provide such indication. By arguing Defendant Hanna's vile conduct is sufficient to trigger municipal liability because it was committed during a jail transport that was within the course of his normal duties as Sheriff, Plaintiff is essentially asking this Court to collapse the "color of law" and "official policy" analyses into a single inquiry. This is not proper. *See Roe v. City of Waterbury*, 542 F.3d 31, 41 (2d Cir. 2008) (Recognizing and rejecting this approach, stating: "An official acts within his official *policymaking capacity* when he acts in accordance with the responsibility delegated him under state law for making policy in that area of the municipality's business. An official acts wholly outside his official policymaking capacity when he misuses his power to advance a purely personal agenda.") (cleaned up, emphasis added). Defendant Hanna's conduct cannot be described as anything other than a clear misuse of power for purely personal reasons. Nothing about this conduct was attributable to his final policymaking authority.[1] Extending municipal liability under these facts would trigger the type of expansive vicarious liability this Court has consistently held does not apply under Section 1983. *See Frey v.*

---

[1] Indeed, Plaintiff does not argue why such conduct could not have been carried out by any line-level deputy tasked with transporting detainees.

*Town of Jackson, Wyoming*, 41 F.4th 1223, 1238 (10th Cir. 2022) ("vicarious liability does not apply to a municipal entity, and such an entity cannot be liable simply because it employs someone who commits a constitutional tort."); *see also Praprotnik*, 485 U.S. at 126–127 ("If the mere exercise of discretion by an [official] could give rise to [municipal liability], the result would be indistinguishable from *respondeat superior*...").

Plaintiff's reliance on *Simmons v. Uintah Health Care Special Dist.* to advance her argument [Opening Brief, pp. 21–22] is also misplaced. *Simmons* involved a municipal board's termination of a public employee in violation of its written termination policies and is highly distinguishable. 506 F.3d 1281, 1283 (10th Cir. 2007). While *Simmons* did recognize that final policymakers need not comply with existing written policy to effectuate municipal liability, the issue of whether the final policymaker in that case (i.e., the board) acted within the realm of its grant of policymaking authority by terminating the claimant was not in dispute. *Id.* at 1286. There is nothing remotely similar about a municipality's decision to terminate an employee (even if in conflict with existing written policy) and an official's unilateral decision to perpetrate sexual assault.[2] The logic employed in

---

[2] On this basis as well, Plaintiff's reliance on *Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*, 779 F.3d 1141 (10th Cir. 2015) (extending municipal liability where sheriff was alleged to have engaged in unlawful employment practices) and

*Simmons* further demonstrates its inapplicability to the present circumstances. *Simmons* reasoned that "[h]olding municipalities immune from liability whenever their final policymakers disregard their own written policies would serve to encourage city leaders to flout such rules." 506 F.3d at 1285. This Court went on to state that "[p]olicymakers … would have little reason to abide by their own mandates … and indeed an incentive to adopt and then proceed deliberately to ignore them." *Id.* But Defendant Hanna was sued and found personally liable for millions of dollars in punitive and compensatory damages. [Joint Appendix, p. 237]. Thus, he certainly did have a strong incentive to abide by the SCSO's "zero-tolerance" prohibition on inmate sexual abuse. [*See* Joint Appendix, p. 28].

Plaintiff next asks the Court to consider *Bennett v. Pippin*, wherein the Fifth Circuit extended municipal liability following a sheriff's alleged rape of a criminal suspect. 74 F.3d 578, 581 (5th Cir. 1996). As multiple courts have observed, the reasoning in *Bennett* is flawed and indeed inconsistent with Supreme Court precedent. *See, e.g.*, *Wooten v. Logan*, 92 F. App'x 143, 146 (6th Cir. 2004) (Likening *Bennett*'s reasoning to vicarious liability, holding: "Fatally, [plaintiff] has not demonstrated that [Sheriff] Logan's conduct represented the 'official

---

*McKay v. Hammock*, 730 F.2d 1367 (10th Cir. 1984) (finding plausible municipal liability where sheriff may have sanctioned unconstitutional arrest), is similarly without merit. These cases are highly distinguishable.

policy' of the County, as she has not shown that Logan was acting in a policymaking capacity when he detained and [sexually] assaulted her."); *Roe*, 542 F.3d at 41 ("*Bennett* cannot be reconciled with *Pembaur* and *Praprotnik*'s prohibition against finding municipal liability based on *respondeat superior*… Here, [defendant official] acted neither pursuant to nor within the authority delegated to him when he committed the acts of sexual abuse."); *see also Dahl v. Rice Cnty., Minn.*, 621 F.3d 740, 743 (8th Cir. 2010) (dismissing municipal liability claim based on allegations a sheriff physically assaulted subordinate deputy, stating: "There is no evidence that this single incident … represents a policy of Sheriff Cook's or of Rice County's.") (citing *Pembaur*, 475 U.S. at 483).

*Bennett*'s reasoning is also inconsistent with the decisions of this Court. For instance, in *Lankford v. City of Hobart*, this Court declined to extend municipal liability for a police chief's sexual misconduct toward employees because "the defendant was committing private, rather than public, acts of sexual harassment." 73 F.3d 283, 286–287 (10th Cir. 1996). *Lankford* concluded, stating that because the Chief's conduct "constitutes neither a city policy nor custom[,] the district court properly dismissed plaintiff's [municipal liability] claims." *Id.* at 288. Similarly, in *Starrett v. Wadley*, this Court found that while the county was liable for the policymaker's decision to fire the plaintiff "because [he] had final authority

8

to set employment policy as to the hiring and firing of his staff," it was not liable for his sexual misconduct because those "were private rather than official acts" and "were personal in nature without any indicia of being 'officially sanctioned or ordered.'"). 876 F.2d 808, 820 (10th Cir. 1989) (quoting *Pembaur*, 475 U.S. at 480). As with these instances, Defendant Hanna's decision to sexually assault Ms. Biggs in his home was a purely personal act, and entirely outside the realm of his policymaking authority as Sheriff.[3]

While Plaintiff argues a failure to extend liability under these circumstances would create a "loophole" whereby municipalities could never be held liable for constitutional violations resulting from a policymaker's abuse of authority [Opening Brief, p. 23], her argument is misguided. First, as discussed above, Plaintiff has failed to show how a singular act of sexual assault could fall within the realm of an official's "policymaking authority." It is therefore difficult to see how such conduct could be accurately described as an abuse of *that authority*.

---

[3] Plaintiff further argues *Starrett*'s "indicia of being officially sanctioned" reasoning has been foreclosed by *Simmons* (*supra*). [Opening Brief, p. 30]. Not so. The finding of municipality liability in *Simmons* turned on the fact a county board had officially ordered the plaintiff-employee's termination, an act which was undisputedly within the board's policymaking authority to fire county employees and to oversee the termination process. Contrary to Plaintiff's assertion, *Simmons* merely held that an act need not conform with written policies to be officially sanctioned. But again, unlike in *Simmons*, it cannot be said that Defendant Hanna's conduct was "officially sanctioned" given it was well outside his final policymaking authority.

Second, a denial of municipal liability under these egregious facts would have no bearing on the more common circumstances Plaintiff describes, including traditional claims for excessive force, cruel and unusual punishment, and/or medical neglect. [Opening Brief, p. 23]. This is because it cannot be similarly argued that a sheriff, as final policymaker with respect to such matters, would be acting completely outside the realm of his policymaking authority by utilizing force against, punishing, or otherwise denying medical treatment to a detainee within his or her custody—or by otherwise directing or ratifying such conduct. But the distinction is clear. Unlike instances involving traditional force, punishment, or the allocation of medical treatment, a blatant sex assault in furtherance of nothing more than one's warped sexual desires lacks any rational nexus with a sheriff's policymaking authority.

## B.    THE ENTITY DEFENDANTS ARE NOT BOUND BY THE ADVERSE RULING AGAINST DEFENDANT HANNA.

Contrary to Plaintiff's argument, the "law of the case" doctrine is not dispositive as to the Entity Defendants. This doctrine "posits that a court *may* decline the invitation to reconsider issues already resolved earlier in the life of a litigation." *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1211 (10th Cir. 2023) (cleaned up, emphasis in original). "Thus, the law of the case doctrine is fundamentally permissive, affording courts, for example, the discretion to entertain

10

relitigation of settled issues when the failure to do so would work a manifest injustice." *Id.* (cleaned up); *see also McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000) (recognizing exception "when the decision was clearly erroneous and would work a manifest injustice.").

To find the Entity Defendants are bound by the jury's erroneous determination in this case would effectuate manifest injustice. For instance, the jury determined Defendant Hanna was liable for, in part, cruel and unusual punishment under the Eighth Amendment. [Joint Appendix, p. 161]. But Plaintiff does not dispute Ms. Biggs was a pretrial detainee at the time of the incident, rendering such claim incognizable. *See Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 307 (10th Cir. 1985) ("[T]he Eighth Amendment does not apply until after an adjudication of guilt."). The same could be said for Plaintiff's "false imprisonment" claim [Joint Appendix, p. 161], as Plaintiff never alleged (nor did she argue at trial) a lack of probable cause for Ms. Biggs' underlying arrest. *Hinton v. Franck*, 242 F.3d 388 (10th Cir. 2000) ("Under Colorado law, a [§ 1983] claim for false imprisonment cannot stand if there was probable cause to arrest.").

Nor does the doctrine of res judicata bind the Entity Defendants, as they "did not have a full and fair opportunity to litigate the claim in the prior action." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1271 (10th Cir. 2022)

(cleaned up). The Entity Defendants were dismissed from the case pursuant to Fed.R.Civ.P. 12(b)(6) more than two years before trial commenced against Defendant Hanna, and were therefore unable to litigate the remaining claims, whether through summary judgment or by presenting evidence to the jury. [Joint Appendix, p. 159]. To the extent Plaintiff argues the Entity Defendants remained parties to the litigation at trial given the "official capacity" claim asserted against Defendant Hanna, this too is incorrect. Suing a public employee in his "official capacity" is simply another way of pleading an action against the entity that employs him. *Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1477 n.2 (10th Cir. 1993) (citing *Hafer v. Melo*, 502 U.S. 21, 23 (1991)). As the District Court properly found, because all claims against the Entity Defendants were dismissed on motion prior to trial, no "official capacity" claims were decided by the jury.[4] [Joint Appendix, pp. 227–229].

### C. THE SEDGWICK COUNTY BOARD OF COMMISSIONERS IS NOT A PROPER DEFENDANT.

The Supreme Court has directed that lower courts must first look to the relevant state's laws when determining which governmental entity would have

---

[4] Plaintiff's additional argument the jury's compensatory damages award should be equally binding on the Entity Defendants [Opening Brief, 33–34] is rooted in notions of vicarious liability, which has no bearing in this case. Simply put, there was no adverse finding against the Entity Defendants and they cannot be held liable for damages.

control over (and could conceivably be held liable for) the alleged actions of a local sheriff. *See McMillian v. Monroe County, Alabama*, 520 U.S. 781, 784–791 (1997) (Applying Alabama law and determining that because a county sheriff was a state official, the county board could not be held liable for his actions). In Colorado, it has been held that a sheriff and his deputies are entirely separate from a county's governing board. *See Tunget v. Bd. of Cty. Comm'rs of Delta Cty.*, 992 P.2d 650, 651–52 (Colo.App. 1999) (affirming dismissal of claims against a county board and stating: "Under both the Colorado Constitution and applicable statutes, sheriffs and boards of county commissioners are treated as separate public entities having different powers and responsibilities") (citing Colo. Const. art XIV, §§ 8 and 8.5); *see also Barrientos-Sanabria v. Lake Cty.*, *Colo.*, 2012 WL 1642285, at *2 (D. Colo. May 10, 2012) (stating that although "the [county] has the duty and authority to provide funds for operations by the Sheriff's Office pursuant to the Colorado constitution, [a] [county board] is a separate, distinct entity from the County Sheriff."); *Estate of Blodgett v. Correct Care Sols., LLC*, 2018 WL 6528109, at *8 (D. Colo. Dec. 12, 2018) **(**"the [] Complaint fails to state a claim against the county or board of county commissioners. Under Colorado law, a board of county commissioners and a sheriff in the same county are distinct public entities.").

Plaintiff is again attempting to hold the Sedgwick County Board of Commissioners directly liable for the actions of Defendant Hanna. While Plaintiff relies on the holding in *Cox v. Glanz* for this proposition, that case involved the interpretation of Oklahoma law, and has no bearing here. 800 F.3d 1231, 1254 (10th Cir. 2015). Because a county and a sheriff's office are entirely separate entities under Colorado law, Plaintiff's claim against the Board lacks merit.

## CONCLUSION

Plaintiff fails to present any factual or legal basis justifying reversal of the District Court's decision to dismiss the municipal liability claims. Specifically, she has failed to show how an isolated act of sex assault perpetrated against a pretrial detainee amounted to an "official policy decision" of the Sedgwick County Sheriff's Office. For all the reasons presented herein, and in Defendants' briefing on the dispositive and post-trial motions, the District Court's judgment was correct and should therefore be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

The Entity Defendants request oral argument to address any questions the Court may have and/or any issue the Court may deem appropriate to raise.

Respectfully submitted,

**SGR, LLC**

By:  s/ Eric M. Ziporin
    Eric M. Ziporin
    3900 East Mexico Avenue, Suite 700
    Denver, Colorado 80210
    Telephone:  (303) 320-0509
    Email:  eziporin@sgrllc.com

By:  s/ Jonathan N. Eddy
    Jonathan N. Eddy
    3900 East Mexico Avenue, Suite 700
    Denver, Colorado 80210
    Telephone:  (303) 320-0509
    Email:  jeddy@sgrllc.com
    *Attorneys for Entity Defendants*

<u>**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPE FACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**</u>

1.     This brief complies with the type-volume limitation of Fed.R.App.P. 32(g) because this brief contains 3,575 words. This was determined using Microsoft Word's word counting feature.

2.     This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point, Times New Roman.

Date:  September 6, 2023.


<u>s/ Eric M. Ziporin</u>
Eric M. Ziporin

<u>s/ Jonathan N. Eddy</u>
Jonathan N. Eddy
*Attorneys for Entity Defendants*

## CERTIFICATE OF DIGITAL SUBMISSION
## AND PRIVACY REDACTIONS

I hereby certify that with respect to the foregoing:

(1)  No privacy redactions were required per 10th Cir. R. 25.5;

(2)  If required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3)  The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Trend Micro Worry-Free Business Security Agent, and according to the program are free of viruses.


s/ Barbara A. Ortell
Legal Secretary


17

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 6th day of September, 2022, a true and correct copy of the above and foregoing **APPELLEES' ANSWER BRIEF** was emailed in PDF format to all parties of record and electronically filed with the Clerk of the Tenth Circuit Court via the CM/ECF system, which will send notification of such filing to the following email addresses:

David Fisher
Jane Fisher-Byrialsen
Fisher & Byrialsen, PLLC
4600 South Syracuse Street, 9th Floor
Denver, Colorado 80237
*Attorneys for Plaintiff*

Ellen Noble
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
*Attorney for Plaintiff*

Matthew W. Buck
Red Law, LLC
445 Broadway, Suite 126
Denver, Colorado 80203
*Attorney for Defendant Thomas Hanna*

Jessica R. Amunson
1099 New York Avenue NW, Suite 900
Washington, DC 20002
*Amici Attorney for Rights Behind Bars, National Police Accountability Project, Southern Center for Human Rights, and MacArthur Justice Center*

s/ Barbara A. Ortell
Legal Secretary

18